IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| OMNIPLEX WORLD SERVICES CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:10-CV-360 (CAR) |
| JEFFREY BRINSON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

ORDER ON PLAINTIFF'S
POST-JUDGMENT MOTION TO COMPEL

Before the Court is Plaintiff Omniplex World Services Corporation's Post-Judgment Motion to Compel [Doc. 20] Defendant Jeffrey Brinson to respond to Plaintiff's first set of continuing Rule 69 interrogatories and first set of continuing Rule 69 requests for production of documents.  Defendant has not responded to Plaintiff's Motion and the time in which to do so has expired.  For the reasons explained below, Plaintiff's Motion to Compel [Doc. 20] is **GRANTED in part** and **DENIED in part**.

**BACKGROUND**

1

On September 29, 2011, this Court entered a final consent judgment against Defendant in the amount of $863,221.32.  On March 20, 2012, the Court issued a writ of execution against Defendant.  On March 30, Plaintiff served its First Set of Continuing Rule 69 Interrogatories and First Set of Continuing Rule 69 Requests for Production of Documents to Defendant by U.S. Mail and e-mail.  Defendant's responses were due by Wednesday, May 2, 2012.  As of the date of this Order, Defendant failed to timely respond to Plaintiff's post-judgment discovery requests or to request an extension to respond and produce the requisite documents.  On May 11, Plaintiff filed the instant Motion to Compel.

## DISCUSSION

In its Motion, Plaintiff requests an Order from this Court compelling Defendant to respond to Plaintiff's first set of post-judgment interrogatories and production of documents.  Additionally, Plaintiff requests that Defendant be required to pay the reasonable expenses incurred in obtaining this Order, including attorney's fees.

Motion to Compel

Generally, a district court's decision to compel discovery is not an abuse of discretion where the items requested are arguably relevant to the case.  See Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997); Fed. R. Civ. P. 37.  The

2

information sought need not be admissible at trial but must only be likely to lead to relevant admissible information.   Fed. R. Civ. P. 26(b).   Thus, the degree of need sufficient to justify granting a motion to compel will vary to some extent with the burden of producing the requested information.   In other words, the relevance of discovery requests must be weighed against "oppressiveness" in deciding whether discovery should be compelled, and a plaintiff seeking a broad range of documents must show a more particularized need and relevance.   See United States v. R. Enters., Inc., 498 U.S. 292, 306 n.4, 111 S. Ct. 722, 731 (1991) (illustrating generally the standard for ruling on civil discovery disputes) (internal cites and quotes omitted).

Here, it appears that the information requested is relevant to the instant case. Furthermore, it appears that producing responses to the interrogatories and producing the requested documents would not be overly burdensome to Defendant.   Therefore, the Court concludes that Defendant should produce all the requested information contained in Plaintiff's Motion to Compel.   Defendant is hereby noticed that failure to abide by this Order may result in sanctions.   See Fed. R. Civ. P. 37(d).

Reasonable Costs and Attorney's Fees

Plaintiff also requests that Defendant be ordered to pay the reasonable expenses incurred by Plaintiff in obtaining this Order.  Rule 37 provides that when a motion to compel is granted and the delinquent party is afforded an opportunity to be heard, the court must require the delinquent party to pay the movant's reasonable expenses incurred in obtaining the order, unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, based on Plaintiff's Motion and attached exhibits, the Court is cannot conclude that Plaintiff attempted in good faith to resolve this dispute.  The record indicates that Plaintiff submitted its requests on March 30, and, nine days after Defendant failed to timely respond, Plaintiff filed the instant Motion.  Nothing in the record suggests that Plaintiff attempted to resolve the matter before filing its Motion. While Rule 37 certainly does not require a movant to beg for an opposing party's discovery response before filing its motion to compel, it does require that the movant make "a genuine attempt to resolve the discovery dispute through non-judicial

4

means." Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996).  Plaintiff's initial request for discovery, without any accompanying effort to actually meet or confer with Defendant in the hope of reaching a resolution, is insufficient to satisfy the good faith requirement of Rule 37.

<strong>CONCLUSION</strong>

Based on the foregoing, Plaintiff's Motion to Compel [Doc. 20] is **GRANTED in part** and **DENIED in part**.  Plaintiff's Motion is **GRANTED** to the extent it requests that Defendant be compelled to provide full and complete responses to the interrogatories and the production of documents requested by Plaintiff.  Defendant is hereby **ORDERED** to respond to Plaintiff's discovery requests within fourteen (14) days of the date of this Order.  However, as to Plaintiff's request to receive reasonable expenses incurred in obtaining this Order from Defendant, Plaintiff's Motion is **DENIED**.

**SO ORDERED,** this 2nd day of July, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH